BELSOME, J.,
concurs with reasons.
_JjI agree that there was no abuse of discretion on the part of the trial court, and the granting of the motion to quash should be affirmed. I am writing separately to discuss the specific prejudice suffered by the defendant due to the delays experienced in this case. As stated in Barker the most serious prejudice is the prejudice to the defendant’s defense. Mr. Bell established the prejudice to his defense by showing that his private counsel represented him through the last trial date, but once the State entered the nolle prosequi the case was concluded. When the State reinstituted the charges, Mr. Bell could not afford private counsel and remained unrepresented for some period prior to being assigned a public defender.
In this case, the trial court specifically found that the State had flaunted its authority by entering a nolle prosequi and reinstituting charges in response to the denial of another continuance. After the nolle prosequi, the State filed a manslaughter bill of information as a tactic to keep Mr. Bell incarcerated until they could obtain a second-degree murder indictment. The trial court further concluded that as a result of the State’s multiple continuances and delays, the defendant has remained incarcerated for nearly three years and had lost his ability to retain private counsel, which has ultimately impaired his defense.
| ¡Although I am mindful of the severity of the allegations against the defendant, this Court is required to review the trial court’s ruling for an abuse of discretion based on the record. Thus, applying the Barker factors to this record, the trial court was within its discretion to grant the motion to quash.